3/13/2019 4:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31920876
By: Miaeda Hutchinson
Filed: 3/13/2019 4:13 PM

**2019-18634 / Court: 270**

NO. _____.

| | | |
|---|---|---|
| FRANCES MITCHELL, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| *Defendant* | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FRANCES MITCHELL (herein "Plaintiff"), who files this, its Original Petition, against SAFECO INSURANCE COMPANY OF INDIANA (herein "Defendant") and for cause of action would respectfully show the court as follows:

### I.

### Preliminary Information and Definitions

1. Insured:           FRANCES MITCHELL (herein "Plaintiff")

   Policy Number:     OY7039763 (herein "Policy")

   Claim Number:      2/17/2017 (herein "Claim" or "Claim Number")

   Date of Loss:      179127946010 (herein "Date of Loss")

   Insured Property:  1712 DREXEL DR, KATY, TX 77493

                      (herein "Property" or "Insured Property")

   Insurer:           SAFECO INSURANCE COMPANY OF INDIANA (herein "Defendant")

                      Defendant's attorney for service is:

                      CORPORTION SERVICE COMPANY

                      211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701-3218

EXHIBIT A

## II.

### Discovery Control Plan

2. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

## III.

### Request for Expedited Trial Date

3. Plaintiff requests that the set the case for a trial date that is within 90 days after the discovery period in Rule 190.2(b)(1) ends.

## IV.

### Parties

4. Plaintiff is an individual who resides in Texas.

5. Defendant is a "Foreign" company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by in person or certified mail, return receipt requested, by serving: (1) the president, an active vice president, secretary, or attorney in fact at the home office or principal place of business of the company; or (2) leaving a copy of the process at the home office or principal business office of the company during regular business hours.

## V.

### Jurisdiction

6. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court and Plaintiff seeks monetary relief less than $100,000 or less, including damages or any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Specifically, Plaintiff seeks damages less than $75,000.00 and will not accept any more than $75,000.00 at this time.

7. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

## VI.

## Venue

8. Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas and/or the contract was signed in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032

## VII.

## Facts

9. Plaintiff was the owner of the Policy issued by Defendant.

10. Plaintiff owns the insured property.

11. Defendant sold the policy, insuring the property that is the subject of this lawsuit to Plaintiff.

12. The Plaintiff suffered a significant loss with respect to the property at issue and may have suffered additional living expenses.

13. Plaintiff submitted its claim to Defendant with a Date of Loss for damage to the dwelling and contents of the home.

14. Defendant assigned a Claim Number to Plaintiff's claim.

15. Defendant failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

16. Defendant improperly paid Plaintiffs claim for replacement of the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

17. The person hired by Defendant to prepare an estimate on Plaintiff's property appeared to be an advocate for Defendant as he/she advocated for a minimal sum of damages Plaintiff sustained.

18. Furthermore, the adjuster hired by Defendant was improperly trained, had inadequate knowledge of the type and scope of loss, have very little or no hands on experience with construction, and was not qualified to prepare the underlying estimate for damages Plaintiff suffered.

19. As Defendant briefly inspected Plaintiff's home, it created a scope of damages that was significantly less than the amount of damages Plaintiff suffered.

20. Defendant has created this environment of hiring poorly trained adjusters so as to create estimates that are substantially less than what its insured's have actually suffered.

21. Therefore Defendant failed to properly adjust both claims and summarily improperly paid the claims with obvious knowledge and evidence of serious cosmetic and structural damage – hoping that Plaintiff would lack the knowledge of the amount of damage she actually suffered.

22. As Plaintiff strongly disagrees with the lowball scope of loss that Defendant's advocate prepared, Plaintiff has invoked appraisal.

23. All conditions precedent upon the policy had been carried out and accomplished by Plaintiff.

24. From and after the time Plaintiffs claims were presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear.

25. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

26. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

27. Plaintiffs experience is not an isolated case.

28. The acts and omissions Defendant committed in this case, or similar acts and omission, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.

29. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the

expense of the policyholders.

30. Plaintiff anticipates that Defendant has and will continue to manipulate the claims process and appraisal process in an effort to underpay or deny the claim.

31. Furthermore, Plaintiff anticipates that Defendant has or will require additional steps in claiming policy benefits to which do not exist in the policy.

32. For example, Defendant routinely requires that Plaintiff prove that a dispute exists as to the claimed benefits – even though Plaintiff has sent demand letters, invoked appraisal, and filed this lawsuit to force the appraisal process.

33. Plaintiff anticipates that Defendant will require or attempt to require that Plaintiff sign a unilateral release of claims against Defendant in order for Defendant to pay any appraisal award when the policy for insurance benefits doesn't require that.

34. Specifically, Plaintiff anticipates that Defendant will require a unilateral release of claims against Defendant before issuing payment as a result of the appraisal process.

35. This behavior is strictly forbidden under Texas Insurance Code 541.060.

36. The above actions from Defendant show that it has no intent preform on the contract when performance is due – namely, to pay policy benefits after an insured has suffered a covered loss.

37. This lawsuit is not about the *amount* of loss. Indeed, it is about Defendant's refusal to participate in the appraisal process and the actual damages Plaintiff suffered in forcing Defendant to participate in the appraisal process.

38. Plaintiff reserves all rights to invoke appraisal under the terms of insurance and is filing this lawsuit to enforce its rights of appraisal.

## VIII.

### Causes of Action:

### COUNT 1:

## Breach of Contract

1. Plaintiff and Defendant have entered into a contract for insurance benefits.

2. One of the conditions in the policy is appraisal.

3. Plaintiff has timely invoked appraisal yet Defendant refuses to participate.

4. After numerous demands, Defendant has forced Plaintiff to file a lawsuit to make Defendant participate in appraisal.

5. Plaintiff seeks an order forcing Defendant to participate in appraisal.

6. Plaintiff seeks the actual damages she/he has suffered in forcing Defendant to participate in appraisal.

7. The purpose of appraisal is to determine the amount of an insured loss. Appraisal is a remedy available under the applicable policy to determine the amount of loss when the parties disagree. Plaintiff has invoked the appraisal clause of the policy. Plaintiff seeks Defendant to abide by its own policy provision and asks the Court to order the parties to participate in appraisal.

## Appraisal Demand

8. As set forth above, Plaintiff and Defendant do not agree on the amount of Plaintiff's losses. Therefore, Plaintiff has sent notice to Defendant that Plaintiff named its appraiser and invoked the Policy's appraisal clause referenced above.

## Once Invoked Appraisal is Mandatory and Enforceable

9. Texas courts specifically enforce the appraisal clause in property insurance policies and this Court has the authority to order the parties to participate in compliance with this policy condition. *State Farm v. Johnson*, 290 S.W.3d 886 (Tex. 2009); *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002). Since 1888, when the Texas Supreme Court decided *Scottish Union & National Ins. Co. v. Clancy*, Texas courts have regularly and consistently enforced appraisal clauses by ordering the parties to comply. *See Clancy*, 8 S.W. 63 (Tex. 1888); *In re Allstate*, 85 S.W.3d at 196.

10. Texas has consistently recognized appraisal awards as binding and enforceable, and courts indulge every reasonable presumption to sustain them. *See, e.g., Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.).
Once invoked, appraisal is mandatory.

11. A party who refuses to engage in the process is subject to judicial compulsion. Because the amount of loss must be determined in every property damage case, "appraisals should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 894. Therefore, a court faced with a motion to compel appraisal lacks any discretion to deny it, assuming the party has timely invoked the process and otherwise complied with the policy. *In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193 (Tex. 2002) (orig. proceeding). *Johnson*, 290 S.W.3d at 888 ("While trial courts have some discretion as to the timing of an appraisal, they have no discretion to ignore a valid appraisal clause entirely."); *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet.) (mandamus will issue against a failure to order an appraisal in the proper circumstances). An appraisal clause binds the parties to have the extent or amount of the loss determined in a particular way. *Johnson*, 290 S.W.3d at 895.

12. The appraisal clause is thus mandatory and non-revocable and is specifically enforceable by either party. *See, e.g., Standard Fire Ins. Co. v. Fraiman*, 514 S.W.2d 343, 344-46 (Tex. Civ. App.—Houston [14th Dist] 1974, no writ) (holding that an insured can enforce the appraisal provision against an unwilling insurer); *Laas v. State Farm Mut. Ins. Co.*, 2000 WL 1125287, at *4-5 (Tex. App.—Houston [14th Dist] 2000, pet. denied) (holding the trial court has power to appoint an umpire when the parties' appointed appraisers fail to do so).

13. In *Allstate*, the Texas Supreme Court explained that denying appraisal vitiates the insurer's ability to defend against a breach of contract claim because appraisal goes to the heart of such a claim. *Allstate*, 85 S.W.3d at 196. Accordingly, the *Allstate* Court granted mandamus relief when the trial court

denied a motion to compel appraisal, finding that the denial constituted an abuse of discretion and that the insurer lacked an adequate remedy by appeal.

14. The appraisal clause is a condition precedent to coverage for damages under property insurance policies. *State Farm v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("...appraisal is intended to take place before suit is filed; [the Texas Supreme Court] and others have held that it is a condition precedent to suit."). The Policy contains provisions that specifically condition coverage actions on compliance by the insured with policy conditions such as the appraisal clause.

15. Pursuant to the appraisal clause and the suit against us clause, compliance with the appraisal process is a condition precedent to coverage and to the validity of Plaintiff's suit against Defendant. Either party can invoke appraisal. Both parties are bound by that invocation. Whether appraisal begins before or during litigation, the lawsuit must be abated. *Woodward v. Liberty Mut. Ins. Co.*, No. 3:09-CV-0228-G, 2010 WL 1186323 *3 (N.D. Tex. Mar. 26, 2010). "When one party to an insurance contract properly invokes the contract's appraisal clause ... a court should exercise its discretion to stay the suit pending completion of the appraisal." *Woodward*, 2010 WL 1186323 at *3; *see also In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 565 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("[a] remedy to enforce a condition precedent in its policy is abatement of the case"); *see also United Neurology, P A v. Hartford Lloyd's Ins. Co.*, No. H-10-4248, 2012 WL 423417 (S.D. Tex. Feb. 8, 2012) (abating case while the appraisal goes forward); *Rice v. Certain Underwriters at Lloyds*, Civ. A. No. H-10-4660, 2011 WL 240421 (S.D. Tex. Jan. 21, 2011) (abating case until appraisal process is complete). There is no legal, contractual or case law support for an attempt to avoid the appraisal process.

16. If either party fails to comply with the appraisal clause, Plaintiff cannot recover under the Policy. Further, because the respective appraisal clauses are binding upon the respective parties, there can be no breach of contract action for failure to pay amounts in excess of the award. *Scottish Union &*

*National Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888); *Waterhill Cos. Ltd. v. Great American Assurance Co.*, 2006 WL 696577, slip op. at *2 (S.D. Tex. March 16, 2006); *Brownlow v. United States Automobile Ass'n*, 2005 WL 608252 (Tex. App.—Corpus Christi 2005, pet. denied); *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied); *Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist.*, 877 S.W.2d 872, 878 (Tex. App.—San Antonio 1994, no writ).

17. The combination of the appraisal clause and the "suit against us" clause entitles either party to abatement of the insured's action until the completion of the appraisal. *Vanguard Underwriters Ins. Co. v. Smith*, 999 S.W.2d 448, 449 (Tex. App.—Amarillo 1999, no pet) (the appraisal and no action clauses of the policy are unambiguous and enforceable, and the insureds could not sue before they complied with the appraisal clause).

18. The Policy provides a specific mechanism for resolution of disputes about the amount of loss. That mechanism is appraisal, and it is binding on all parties. As discussed by the courts in *Waterhill*, *Brownlow*, and *Breshears*, *supra*, if Defendant complies with the appraisal award, there can be no breach of contract, making Plaintiff's suit unnecessary. Therefore, abatement of any further proceedings in this lawsuit pending completion of the appraisal process promotes judicial efficiency. *See Slavonic*, 308 S.W.3d at 565; *see also Butler v Prop. & Cas. Ins. Co. of Hartford*, Civ. A. No H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011) (holding that abatement of the case pending appraisal is appropriate and "in the interest of the efficient and inexpensive administration of justice").

## IX.

## **DAMAGES AND PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, complains of Defendant and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

   a. Actual damages that Plaintiff has suffered as a result of Defendant refusing to participate in appraisal;

   b. Actual damages and benefit of the bargain from Defendant's refusal to pay proper policy benefits;

   c. Attorney fees that Plaintiff has incurred as a result of Defendant refusing to participate in appraisal; and

   d. A court order requiring Defendant to participate in appraisal

## X.

## RESERVATION OF RIGHTS TO APPRAISAL PROCESS

20. Plaintiff has invoked appraisal prior to filing this lawsuit.

21. Furthermore, by filing this Petition Plaintiff again invokes appraisal and renews its requests for appraisal as further needed and maintains its rights to the appraisal process.

22. Plaintiff specifically reserve any rights to change, supplement, amend, and add or remove disputed items to present to the Appraisal Panel as these items are discovered during the appraisal process.

23. In the event the appraisers are unable to select an umpire during the time period allotted, Defendant is formally given notice that Plaintiff intends to ask this Court to select an *independent* umpire.

24. Defendant is given notice that this lawsuit is filed without any intent to waive any appraisal rights because this lawsuit is not relating the *amount* of loss.

25. More specifically, this is a lawsuit brought to prevent Defendant from continuing in its attempts to avoid participation in the appraisal process.

26. Plaintiff reserves all rights to seek any attorney fees and actual damages that Plaintiff incurred for having this Court compel the appraisal process.

## XI.

## PLAINTIFF MAKES 194 REQUESTS TO DEFENDANT

27. Plaintiff makes 194.2 requests to Defendant.

28. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendant has in its possession, custody, or control and may use to support Defendant's claims or defenses.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092
(832) 207-2007 Office
www.dicklawfirm.com
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**